UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CYNTHIA TURNAGE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:03-CV-341 |
| ) | Phillips/Guyton |
| NORFOLK SOUTHERN CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Orders [Docs. 80, 86] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Plaintiffs' Motion to Determine Sufficiency of Responses [Doc. 73] and Plaintiffs' Motion for an Order Compelling Disclosure and Discovery [Doc. 84]. The Court conducted a hearing on these motions on June 8, 2005. Following the hearing, the parties requested that the Court reserve ruling on these motions pending the parties' attempt to mediate this matter on July 15, 2005. The parties have advised the Court that the mediation was unsuccessful.

**I.     Plaintiffs' Motion to Determine Sufficiency of Responses**

The plaintiffs Cynthia Turnage and Bret Freeman argue that the responses of the defendants Norfolk Southern Corporation and Norfolk Southern Railway Company to the plaintiffs' First Requests for Admissions do not comply with Fed. R. Civ. P. 36, and they seek an Order deeming the requests admitted. The plaintiffs also seek an award of fees and expenses pursuant to

Fed. R. Civ. P. 37. [Doc. 73]. The defendants oppose the plaintiffs' motion, arguing that their responses and objections to the requests for admission are sufficient. [Doc. 81].

Pursuant to Rule 36, any party may serve upon another party "a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed. R. Civ. P. 36(a). If an objection is made to any such request, the party must specifically state the basis for the objection. Id. If the request cannot be admitted, the response "shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Id. A denial must "fairly meet the substance of the requested admission," and if only part of the request can be admitted, the responding party must specify the parts of the request that are true and qualify or deny the remainder. Id.

If the Court determines that an objection is not justified, it shall order than an answer be served. Id. If the Court determines that a response does not comply with the requirements of Rule 36, the Court may order either that the matter is admitted or that an amended answer be served. Id. The Court may award expenses incurred in filing the motion, pursuant to Rule 37. Furthermore, if the responding party fails to admit the truth of any matter and the requesting party thereafter proves the truth of the matter at trial, the requesting party may seek an award of expenses incurred in making that proof. Fed. R. Civ. P. 37(c)(2).

The Court has carefully reviewed the defendants' responses and finds several of them to be inadequate, non-responsive, or otherwise inappropriate. Accordingly, the defendants are

2

hereby **DIRECTED** to file amended responses within thirty days (30) of the entry of this Order to the following requests:

Request no. 13 asks the defendants to admit that "approximately 10,600 gallons of fuming sulphuric acid leaked or spilled from the train due to the derailment." In response, the defendants state that "it is admitted that a single tank car containing 10,600 gallons of Oleum ruptured as a result of the derailment." In opposition to the plaintiffs' motion, the defendants argue that a plain reading of their response admits that a portion of this material spilled.

The Court finds the defendants' response to request no. 13 to be insufficient. Counsel's use of the term "ruptured" instead of the terms "leaked or spilled" as stated in the request is evasive and non-responsive. Similarly, counsel's use of the term "Oleum" instead of "sulphuric acid" is evasive. If the defendants can admit that some portion of this material "spilled," or that the material spilled was in fact sulphuric acid, the defendants must state as much and deny, if necessary, the remainder of the request. With respect to this and any of the other requests discussed in this opinion, the defendant shall be expected to respond to the request <u>as worded</u>.

Requests nos. 21, 22, and 23 ask the defendants to admit that certain statements were made to the media by representatives of Norfolk Southern. The Court finds that the defendants' responses to each of these requests are non-responsive, and that amended answers that fairly meet the substance of the requests should be provided.

Request no. 33 asks the defendants to admit that "the establishment of the claims processing office in Knox County was a voluntary action taken by Norfolk Southern." Defendants' response states as follows:

> Objection. Refer to Court's Memorandum and Order 69 and Memorandum and Order document 70. Without waiving this

3

> objection, denied as phrased. It is admitted, however, that Norfolk Southern Railway Company established the claims processing office to expedite the handling and payment of expenses and losses and damages incurred by citizens impacted by the evacuation and to resolve claims in order to avoid needless and expensive litigation.

Rule 36 requires that the basis for any objection must be specifically stated. Fed. R. Civ. P. 36(a). Defendants' vague reference to the Court's prior rulings is not a sufficient basis for an objection, and this objection shall be stricken from all of the defendants' responses. Furthermore, the defendants' response that the request is "denied as phrased" is improper. The defendants shall specify in their amended response which part of the request is denied and which is admitted as true. Specifically, the defendants shall be required to address whether the referenced action was voluntary.

Request no. 35 asks the defendants to admit that the endorsement checks used by Norfolk Southern did not contain express language allowing a set-off or recovery for the settlement of incidental expense and property damage claims. The defendants again object, citing the Court's prior rulings [Docs. 69, 70] and arguing that the language on the endorsement check "speaks for itself."

The defendants shall be required to file a response to this request. As discussed above, the defendants' reference to prior rulings of the Court is not a proper basis for an objection. Moreover, an objection on the grounds that a document "speaks for itself" is not a proper objection to a request to admit. Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 78 n.2 (N.D.N.Y. 2003).

In response to requests nos. 41 and 42, the defendants' response simply makes reference to "Roger Petersen's letter of September 20, 2002 addressed to 'Whom It May Concern' which speaks for itself." The referenced letter was not attached to the defendants' responses.

4

Furthermore, as noted above, an objection that a document "speaks for itself" is not sufficient. The defendants shall file a proper response to these requests and specifically address the subject matter of the request.

The Court has reviewed the other responses objected to by the plaintiffs and finds them to be sufficient. The plaintiffs' request for an award of expenses pursuant to Rule 37 is **DENIED**.

II.     **Plaintiffs' Motion for an Order Compelling Disclosure and Discovery**

The plaintiffs move to compel more complete responses to the plaintiffs' interrogatories nos. 3, 4, and 5, which seek information regarding people who received and endorsed reimbursement checks from Norfolk Southern; the amount of each reimbursement check; and any requirements and conditions precedent that had to be satisfied to receive such a check. [Doc. 84]. The defendants initially objected on the grounds that certain terms, such as "reimbursement check," were vague and ambiguous; that the interrogatories were overly broad and unduly burdensome; and that the information sought was as equally available to the plaintiffs as it was to the defendants.

The Court finds that interrogatories nos. 3, 4, and 5 are not vague or ambiguous, and further, that the production of such information would not create an undue burden on the defendants. The Court will not require the defendants to produce each and every claim file if the defendants can produce a list or compilation of the names of those who received reimbursement checks and the amounts of those checks. Further, the defendants shall provide any information relevant to the requirements or conditions precedent for receiving such reimbursement checks. The defendant shall produce this information within thirty (30) days of the entry of this Order.

Should the defendants be unable to produce a compilation of this information, the plaintiff shall be entitled to inspect the defendants' claim files. In the event that the production of these files is required, the Court expects the defendant's counsel to take reasonable precautions to ensure that privileged documents are not produced. See <u>Fleet Business Credit Corp. v. Hill City Oil Co.</u>, 2002 WL 31741282, at *3 (W.D. Tenn. Dec. 5, 2002) (noting that reasonableness of precautions in preventing inadvertent disclosure of privileged documents is one factor to consider in determining whether attorney-client privilege has been waived).

## III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Determine Sufficiency of Responses [Doc. 73] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' Motion for an Order Compelling Disclosure and Discovery [Doc. 84] is **GRANTED**.

**IT IS SO ORDERED.**

**ENTER:**

    s/ H. Bruce Guyton
United States Magistrate Judge