No. 05-0509

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CYNTHIA TURNAGE and BRET FREEMAN, on )
behalf of themselves and others similarly situated, )
 )
Plaintiffs- Petitioners, )
 )
v. ) O R D E R
 )
NORFOLK SOUTHERN CORPORATION; )
NORFOLK SOUTHERN RAILWAY )
COMPANY, )
 )
Defendants-Respondents.

FILED
APR 2 6 2006
LEONARD GREEN, Clerk

Before: MOORE, SUTTON, and CUDAHY, Circuit Judges.*

The plaintiffs petition for leave to appeal an interlocutory order of the district court denying their motion for class certification in this diversity action for nuisance damages arising from a train derailment and chemical spill. The defendants oppose the petition, both on the merits and on the ground that it was not timely.

The issue of whether the petition was timely need not considered in view of our determination that leave to appeal should not be granted at this time. The Committee Note accompanying Fed. R. Civ. P. 23(f) states that "[p]ermission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive." However, "many suits with class-action allegations present familiar and almost routine issues that are no more worthy of immediate appeal than many other interlocutory rulings." *Id.* "The district court's decision to deny class certification is reviewed for abuse of discretion." *Ball v. Union Carbide Corp.*, 385 F.3d 713,

---

*The Honorable Richard D. Cudahy, Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

727 (6th Cir. 2004). "This deferential standard of review supports the notion that Rule 23(f) appeals will be the exception, not the norm." *In re Delta Air Lines,* 310 F.3d 953, 960 (6th Cir. 2002). The relevant factors weigh against an interlocutory appeal in this case.

The plaintiffs' petition for leave to appeal is **DENIED** without prejudice to the plaintiffs producing additional evidence in support of a renewed motion for class certification that addresses the district court's concerns regarding the typicality requirement. *See* Fed. R. Civ. P. 23(c)(1)(C) (An order determining whether to certify a class action "may be altered or amended before final judgment.").

ENTERED BY ORDER OF THE COURT

*Leonard Green*
Clerk